54 F.3d 773
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Robert S. PEER, Jr., Plaintiff-Appellant,
v.
HAJOCA CORPORATION, Defendant-Appellee.
 No. 94-1542.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1994.
Decided May 22, 1995.
 
 William Bryan Hall, Michael Scott Cohen, LAW OFFICES OF W. BRYAN HALL, Cumberland, MD, for Appellant. Christopher Michael Collins, McLean, VA, for Appellee.
 Before MURNAGHAN, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robert S. Peer, Jr. appeals the district court's order dismissing his complaint alleging breach of contract against Hajoca Corporation ("the Company"). Finding no error, we affirm.
 
 
 2
 This is a diversity action arising out of an alleged agreement whereby Peer was to construct a new office/warehouse facility and then lease it to the Company for a period of fifteen years. Peer alleged that a representative of the Company approached him in April 1989 about constructing a new facility for the Company. In the ensuing months, Peer located various properties in the Cumberland, Maryland area which he believed might be suitable for the Company's needs. Peer showed the properties to several Company representatives. The parties exchanged several draft lease agreements during their negotiations, but neither party ever signed a written agreement.
 
 
 3
 Peer alleged that in July 1990, he met with Company representatives at the site of a former tire plant, which the Company had previously identified as a potentially suitable site for its new warehouse/office. Peer alleged that a Company representative instructed him at that meeting to "go ahead and acquire the land." According to Peer, the same Company representative stated the next day that the agreement to build on the tire plant site was a "done deal." The Company denies that either statement was made.
 
 
 4
 Peer asserts that, based upon the above events, he expended considerable time and money to begin construction of the new facility, including obtaining financing and the necessary permits. However, a Company representative notified Peer in January 1991 that the deal was off because the Company had decided to remain in its present facility.
 
 
 5
 Believing that the Company had breached an oral contract with him, Peer filed a two-count complaint in state court. The Company removed the suit to federal district court based upon diversity of citizenship. Count I of the Amended Complaint alleged breach of con tract and sought $441,000 in damages. Count II asserted a claim for "Detrimental Reliance" and sought an award of $45,000.
 
 
 6
 The Company moved for summary judgment on the ground that the claim was barred by Maryland's statute of frauds. Peer conceded that the alleged agreement would be covered by the statute of frauds, but urged that two 1989 letters from Company representatives served to remove the agreement from the statute of frauds. The district court concluded that although the proffered letters did not satisfy the statute of fraud requirements, a material issue of fact existed as to whether the Company should be estopped from raising the statute of frauds defense. Accordingly, the district court denied the Company's motion for summary judgment.
 
 
 7
 Peer then moved to voluntarily dismiss without prejudice Count II of the Amended Complaint. The Company opposed the motion and argued that the dismissal should be with prejudice. The district court granted the Company's request to dismiss Count II with prejudice and afforded Peer an opportunity to withdraw his motion to voluntarily dismiss. However, when Peer failed to respond by the specified date, the district court dismissed Count II with prejudice. Then, because only Count I remained (which the district court had previously ruled was barred by the statute of frauds), the district court opined that Peer had no viable cause of action. Accordingly, the district court dismissed the entire Amended Complaint. Peer timely appealed. The issue on appeal is whether the district court erred in holding that Peer's breach of contract claim was barred by the statute of frauds.
 
 
 8
 We review an award of summary judgment de novo. Higgins v. E.I. Du Pont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988). Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In ruling on a motion for summary judgment, a court must assess the evidence in the light most favorable to the non-moving party. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir.1979).
 
 
 9
 Section 5-104 of the Real Property Article of the Maryland Code provides:
 
 
 10
 No action may be brought on any contract for the sale or disposition of land or any interest in or concerning land unless the contract on which the action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged, or some other person lawfully authorized by him.
 
 
 11
 Md. Real Prop.Code Ann. Sec. 5-104 (1988). The district court properly noted that a long-term lease of real property and improvements, like that at issue here, is covered under this section. Cambridge, Inc. v. Goodyear Tire & Rubber Co., 471 F.Supp. 1309 (D. Md.1979). Moreover, the Maryland Code also provides that:
 
 
 12
 No action may be brought ... [u]pon any agreement that is not to be performed within the space of one year from the making thereof ... [u]nless the contract or agreement upon which the action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged, or some other person lawfully authorized by him.
 
 
 13
 Md. Ann.Code art. 39C, Sec. 1 (1993). The agreement that Peer is seeking to enforce is a lease for a period of fifteen years.
 
 
 14
 Peer implicitly conceded that the statute of frauds arguably applied to this action, but asserted that two letters from a Company vice president satisfy the statute's requirements. Those letters, however, contain language which reveals that the parties were still in the negotiating phase of their relationship and had not arrived at a final agreement. For example, one letter began with this language: "[t]his is to confirm the discussions held regarding the construction of a facility by you ... [a] brief summary of the proposal is as follows." (emphasis added). The second letter contained the following language: "Enclosed is a copy of an agreement that we have drafted to cover the leasing of the property you propose to build ..." (emphasis added).
 
 
 15
 Peer acknowledged that the parties contemplated a formal lease agreement and that such a formal agreement was never signed. However, he asserts that the above letters, taken together, satisfy the statute of frauds. The district court properly rejected that argument. Maryland law dictates that "when negotiating parties contemplate a formal written agreement, their negotiations remain negotiations until the agreement is reduced to writing." Cambridge, 471 F.Supp. at 1314; Litzenberg v. Litzenberg, 514 A.2d 476, 482 (Md.1986) (where oral agreement for the transfer of an interest in land contemplates the execution of a written document, contract may be disavowed until it is formally executed).
 
 
 16
 The district court reasoned that because the parties expected to execute a formal lease agreement but never did, neither of the proffered unsigned draft agreements satisfied the requirements of the statute of frauds. That decision is in accord with Maryland law. Accordingly, we affirm the district court's order in that respect.
 
 
 17
 Moreover, we agree with the district court that because this action was solely for monetary damages, Peer's claim that his part performance of the contract removed that statute of frauds bar lacked merit. Part performance is an equitable doctrine available only where the principle relief sought is specific performance of the oral agreement, and has no application in an action at law for money damages. Winternitz v. Summit Hills Joint Venture, 532 A.2d 1089, 1092-93 (Md. Ct. Spec.App.1987).
 
 
 18
 In summary, Peer voluntarily dismissed with prejudice Count II (detrimental reliance) of his complaint, thereby leaving only Count I. The district court then properly dismissed Count I based upon the statute of frauds. Thus, Peer was left without a viable cause of action, and the district court properly dismissed the action. Accordingly, we affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 19
 AFFIRMED.